Filed 7/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| FRANK VILCHES,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>MICHELLE LEAO,<br><br>     Defendant and Respondent. | A163638<br><br>(San Francisco City & County Super. Ct. No. CGC20582074) |

Under Health and Safety Code[1] section 123110, the personal representative of a minor is entitled to access the minor's patient records with certain statutory exceptions. (§ 123110, subds. (a)–(b).)  Pursuant to the exception at issue in this appeal, the patient records are inaccessible where "[t]he health care provider determines that access to the patient records requested by the representative would have a detrimental effect on the provider's professional relationship with the minor patient or the minor's physical safety or psychological well-being.  The decision of the health care provider as to whether or not a minor's records are available for inspection or copying under this section

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

shall not attach any liability to the provider, unless the decision is found to be in bad faith." (§ 123115, subd. (a)(2).)

Plaintiff Frank Vilches filed suit against defendant Michelle Leao to compel the release of his minor daughter's therapy records after defendant denied his request for the records. (§§ 123100, 123120.) The trial court granted defendant's motion for summary judgment, finding that there were no triable issues of fact as to whether defendant made the detriment determination under section 123115, subdivision (a)(2) or whether she did so in good faith. We affirm.

## BACKGROUND

Plaintiff is the father and sole guardian of Jane Doe, his minor daughter (also referred to as "minor patient"). Defendant is a licensed marriage and family therapist. When his daughter was seven years old, plaintiff was concerned for her well-being and brought her to defendant for treatment. Defendant provided therapy for the minor patient, which plaintiff paid for.

On April 24, 2018, plaintiff emailed defendant, stating, "I would like all records that you have of my daughter from the first session to present." He requested that defendant mail copies of the records to him or make them available for pick up. Defendant initially responded to plaintiff's request and agreed to release the records. Later that day, however, defendant responded again, this time stating that she was denying plaintiff's request for his daughter's treatment records because she had determined that it would have a detrimental impact on the minor patient's well-being. Defendant's decision to deny

2

plaintiff's request was based on her clinical judgment that it would have a detrimental effect on the minor patient's ability to trust in general, and would negatively impact the patient-counselor relationship. Defendant was also concerned that plaintiff would use the records to coach his daughter to respond favorably during the court evaluation in an upcoming custody proceeding.

Plaintiff filed suit against defendant on January 7, 2020, alleging a single cause of action for violation of section 123110. Plaintiff sought injunctive relief directing defendant to release the requested records and attorney's fees under section 123120.

Defendant filed a motion for judgment on the pleadings, asserting that under section 123115, subdivision (a)(2), she could not be liable for her denial of plaintiff's request unless her decision was made in bad faith. The trial court denied defendant's motion, finding that it was not essential to plead facts demonstrating bad faith to pursue a cause of action under section 123110.

Defendant filed an answer and subsequently moved for summary judgment on the grounds that she made the statutory determination required to prevent disclosure of the minor patient's records and her decision was not made in bad faith, which plaintiff was required to establish under section 123115, subdivision (a)(2). Plaintiff opposed defendant's motion, asserting that the absence of bad faith does not immunize a therapist's determination from judicial review. He argued that section 123110 creates a presumption of entitlement to disclosure

3

of his daughter's records, and that defendant's determination to withhold the records does not overcome that presumption unless the therapist makes a finding of parental abuse. He further asserted that defendant made her decision to withhold the records without finding detriment, and that she failed to categorize the records and make an independent determination of detriment as to each type of record. If he was required to establish bad faith, he contended that he had raised a triable issue of fact as to whether defendant's decision to withhold the records was in bad faith.

In reply, defendant argued that the statute does not require her to make separate determinations for each type of patient record and that her decision to withhold the minor patient's records in their entirety was based on her clinical judgment concerning her minor patient's best interests. Defendant also contended that there was no triable issue of fact as to the good-faith basis for her determination because there was no evidence to contradict her testimony.

The trial court granted defendant's motion for summary judgment, finding that defendant had established that she made the statutorily-required detriment determination and plaintiff failed to show a triable issue of fact on bad faith. Plaintiff timely appealed.[2]

---

[2] We grant judicial notice of the three exhibits attached to plaintiff's unopposed request for judicial notice.

4

Plaintiff argues the trial court erred in finding that: (1) he did not present a triable issue of fact regarding whether defendant made the statutory determination required under section 123115, subdivision (a)(2) (section 123115(a)(2)); and (2) he had to establish that defendant's determination was in bad faith to compel disclosure of the records.  To resolve these contentions, we employ the well-established standards governing review of summary judgment orders (Code of Civ. Proc., § 437c; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826), as well as de novo review of questions of statutory interpretation.  (*Andrews v. Metropolitan Transit System* (2022) 74 Cal.App.5th 597, 603–604; *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)

### A.   The Statutory Scheme

Section 123110 generally provides that any patient and "any patient's personal representative shall be entitled to inspect patient records upon presenting to the health care provider a request for those records and upon payment of reasonable costs."[3] (§ 123110, subd. (a).)  "Additionally, any patient or patient's personal representative shall be entitled to a paper or electronic

---

[3] As her father, plaintiff is the minor patient's personal representative.  (§ 123105, subd. (e)(1).)  " 'Patient records' means records in any form or medium maintained by, or in the custody or control of, a health care provider relating to the health history, diagnosis, or condition of a patient, or relating to treatment provided or proposed to be provided to the patient.  'Patient records' includes only records pertaining to the patient requesting the records or whose representative requests the records." (§ 123105, subd. (d).)

copy of all or any portion of the patient records that they have a right to inspect, upon presenting a request to the health care provider specifying the records to be copied, together with a fee to defray the costs of producing the copy or summary . . . ." (§ 123110, subd. (b)(1).)

The access granted under section 123110, however, is expressly subject to sections 123115 and 123120. (§§ 123110, subd. (a), 123115, subd. (a).) Section 123115(a)(2) states that "[t]he representative of a minor shall not be entitled to inspect or obtain copies of the minor's patient records, including clinical notes, in any of the following circumstances: . . . [¶] [ ] When the health care provider determines that access to the patient records requested by the representative would have a detrimental effect on the provider's professional relationship with the minor patient or the minor's physical safety or psychological well-being. The decision of the health care provider as to whether or not a minor's records are available for inspection or copying under this section shall not attach any liability to the provider, unless the decision is found to be in bad faith."

The Legislature provided for a private right of action to enforce section 123110. "Any patient or representative aggrieved by a violation of section 123110 may, in addition to any other remedy provided by law, bring an action against the health care provider to enforce the obligations prescribed by section 123110." (§ 123120.) Section 123120 further states that "[a]ny judgment rendered in the action, may, in the discretion of the court, include

6

an award of costs and reasonable attorney's fees to the prevailing party."

**B.** ***When the Health Care Provider Makes the Section 123115(a)(2) Detriment Determination, Plaintiff Must Show Bad Faith to Compel Disclosure***

We start by recognizing that section 123115(a)(2) is abundantly clear in stating that, "[T]he representative of a minor *shall not* be entitled to inspect or obtain copies of the minor's patient records . . . . [¶] . . . [¶] When the health care provider determines that access to the patient records requested by a personal representative would have a detrimental effect on the provider's professional relationship with the minor patient or the minor's physical safety or psychological well-being." (Italics added.) Thus, when faced with the question of whether to compel disclosure of minor's patient records to a personal representative (§§ 123110, 123120), as defendant conceded below, the threshold inquiry for the court must be whether the health care provider made the section 123115(a)(2) detriment determination.

As is apparent from the interplay of the relevant statutes, if the health care provider made the section 123115(a)(2) detriment determination, the next question—which appears to be one of first impression—is whether a personal representative seeking to compel disclosure of a minor's records under section 123120 must establish that the provider made his or her section 123115 (a)(2) determination of detriment in bad faith. As set forth below, we conclude such a showing is required.

7

The plain language of section 123115 mandates that a personal representative seeking to compel disclosure of a minor's records must establish that the health care provider made his or her section 123115(a)(2) detriment determination in bad faith. As noted *post*, section 123115(a)(2) specifies that a personal representative shall not be entitled to inspect or obtain copies of the minor's patient records whenever a provider determines that disclosure "would have a detrimental effect on the provider's professional relationship with the minor patient or the minor's physical safety or psychological well-being." (§ 123115(a)(2).) In the very next sentence, the statute expressly states that the provider's decision whether to disclose "shall not attach *any liability* to the provider, unless the decision is found to be in bad faith." (*Ibid.*, italics added.) Given that unambiguous and broad immunity from "any liability," we conclude that defendant may not be compelled to disclose the minor patient's records unless plaintiff can demonstrate that defendant made her determination of detriment in bad faith.

Seeking to avoid the clear language of section 123115(a)(2), plaintiff incorrectly asserts that the phrase "any liability" means immunity from financial consequences only, and not from injunctive relief. Under his view, a personal representative must show bad faith only to recover monetary damages or attorney's fees. However, the plain meaning of "liability" is "[t]he quality, state, or condition of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." (Black's Law Dictionary (11th ed.

8

2019).) Section 123110 creates a legal obligation on the part of the health care provider enforceable under section 123120. (§ 123120 [providing a means "to enforce the obligations prescribed by Section 123110"].) The statutory scheme "contains no express language authorizing an award of consequential damages," and instead "contemplates a proceeding to secure access to one's medical records, and a discretionary award of attorney fees and costs to the prevailing party." (*Maher v. County of Alameda* (2014) 223 Cal.App.4th 1340, 1354.) In effect, plaintiff asks us to insert the words "from monetary consequences" after the words "any liability" in the statute. We decline to do so. (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 630 [" ' "When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls" ' "]; *Shiheiber v. J.P. Morgan Chase Bank, N.A.* (2022) 81 Cal.App.5th 688, 702 [" '[A] cardinal rule of statutory construction[ ] [is] that it is not a judicial function to read into statutes language the Legislature might have used or might have intended. [Citations.] In other words, courts do not rewrite statutes' "].) Accordingly, to compel disclosure of a minor patient's records under section 123120 after the health care provider has determined that disclosure would be detrimental under section 123115(a)(2), the minor patient's representative must demonstrate that the provider's determination of detriment was made in bad faith.

9

The cases cited by plaintiff—*People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, and *In re Daniel C.H.* (1990) 220 Cal.App.3d 814 (*Daniel C.H.*)—do not persuade us otherwise, as neither case considered the issue before us. *Humberto S.* addressed whether a prosecutor who tried to prevent disclosure of a minor patient's records to her uncle for use in the uncle's child sexual abuse trial had a disqualifying conflict of interest. (*Humberto S.*, at p. 742.) In *Daniel C.H.*, a dependency case where the father challenged a visitation order, the court held that the trial court properly excluded testimony from the minor patient's psychotherapist based on the psychotherapist-patient privilege, rejecting the father's arguments that he had a right to compel this testimony pursuant to both former Civil Code section 4600.5[4] (added by Stats. 1979, ch. 915, §2, repealed by Stats. 1992, ch. 162, §3) and "the fundamental nature of the parent-child relationship." (*Daniel C.H.*, at pp. 825–828.)

Plaintiff's contention that our interpretation of the statutory scheme runs contrary to the legislative intent to grant parents access to their children's medical records is similarly unpersuasive.[5] While *Daniel C.H.* does not convince us that a

---

[4] Former Civil Code section 4600.5, subdivision (1) provided that " '[n]otwithstanding any other provision of law, access to records and information pertaining to a minor child, including, but not limited to, medical, dental, and school records, shall not be denied to a parent because that parent is not the child's custodial parent.' " (*Daniel C.H.*, *supra*, 220 Cal.App.3d at p. 827.)

[5] Section 123100 codifies the legislative intent behind the statutory scheme. It provides, "The Legislature finds and declares that every person having ultimate responsibility for

health care provider who makes a section 123115(a)(2) detriment determination must disclose a minor's patient records absent a showing of bad faith, we find the opinion persuasive in refuting plaintiff's assertions regarding legislative intent.   In particular, when rejecting the father's contention that he had a fundamental right to compel testimony from his son's psychotherapist, the *Daniel C.H.* court reviewed the legislative statement of intent set forth by section 123100's predecessor, former section 1795[6], which, like section 123100, stated in part that " 'persons having responsibility for decisions respecting the health care of others should, *in general,* have access to information on the patient's condition and care . . . .' " (*Daniel C.H.*, *supra*, 220 Cal.App.3d at p. 828.)  The court reasoned that "the use of the words 'in general' [in former section 1795] suggests to us that the Legislature did not intend a parent to have a right to such information in all cases." (*Ibid.*)  The court further explained that "apart from the

_____

decisions respecting his or her own health care also possesses a concomitant right of access to complete information respecting his or her condition and care provided.  Similarly, persons having responsibility for decisions respecting the health care of others should, *in general*, have access to information on the patient's condition and care.  It is, therefore, the intent of the Legislature in enacting this chapter to establish procedures for providing access to health care records or summaries of those records by patients and by those persons having responsibility for decisions respecting the health care of others."  (§ 123100.)

[6] In the general reorganization of the Health and Safety Code in 1995, sections 1795 through 1795.26 were repealed and reenacted without substantive change as sections 123100 through 123145.  (Stats. 1995, ch. 415.)

11

statutory language, policy considerations dictate that a parent should not always be entitled to full information from a minor child's treating psychotherapist." (*Ibid.*) *Daniel C.H.*'s observations and the Legislature's consistent use of the phrase "in general" in the statutory scheme thus support our conclusion that parents do not have a right to access their children's mental health records in all cases, and, upon a health care provider's determination of detriment, may do so only upon the statutorily-prescribed showing of bad faith. (§ 123115, subd. (a)(2).)

Plaintiff further contends that defendant failed to comply with her statutory obligations by making a "conclusory claim of detriment to Jane Doe." Plaintiff acknowledges a health care provider's ability to object to the production of patient records if he or she makes a detriment finding. To the extent plaintiff suggests that this court should review the correctness of the health care provider's determination, nothing in the statutory scheme suggests that a provider must convince a court that the determination of detriment was reasonable and correct. This statutory choice makes logical sense, as the Legislature could reasonably decide that untrained members of the judiciary should not be second-guessing the clinical judgment of therapists concerning their minor patients' well-being and the patient-counselor relationship. (Cf. *Youngberg v. Romeo* (1982) 457 U.S. 307, 322–323 [in the context of a due process challenge to involuntary institutional commitment, commenting that "there certainly is no reason to think judges or juries are better qualified than appropriate professionals in making such decisions"];

12

*Bruesewitz v. Wyeth LLC* (2011) 562 U.S. 223, 247 [concluding that the Department of Health and Human Services was the proper decisionmaker as to what vaccines and associated injuries are placed on the Vaccine Injury Table, commenting that "[t]o allow a jury in effect to second-guess those determinations is to substitute less expert for more expert judgment, thereby threatening manufacturers with liability"].) We therefore need not address any claim that there is a triable issue of fact as to whether defendant's determination to withhold her patient's records was "correct."

In sum, to compel disclosure of a minor's patient records under sections 123110, 123115(a)(2), and 123120 after the health care provider makes a section 123115(a)(2) detriment determination, the plaintiff must show that the defendant denied the request for the pertinent records in bad faith.

## C.   *Summary Judgment Was Proper*

Having established that the statutory scheme requires a personal representative seeking to compel disclosure of a minor's patient records to establish that the health care provider made his or her section 123115(a)(2) detriment determination in bad faith, and given that plaintiff does not here argue that he raised a triable issue of fact as to whether defendant made that determination in bad faith, we turn to the remaining relevant question in this appeal:  Did plaintiff establish a triable issue of

fact as to whether defendant made the threshold section 123115(a)(2) detriment determination in the first place?[7]

The answer is no. Defendant informed plaintiff she was denying his request because she had determined that releasing the minor patient's records would have a detrimental impact on the minor patient's well-being. In her declaration, defendant further explained that her decision was based on her clinical judgment that disclosure would have a detrimental effect on the minor patient's ability to trust in general, and would negatively impact the patient-counselor relationship. In addition, defendant was concerned that plaintiff would use the records to coach his daughter in connection with ongoing custody proceedings, which she believed would be harmful because the minor patient did not respond well to high-conflict parenting.

Plaintiff attempts to raise a triable issue as to defendant's section 123115(a)(2) detriment determination by arguing that defendant's deposition testimony contradicted her declaration, contending that her testimony indicated that she in fact had "not thought about" whether to release the minor patient's drawings or treatment plan, and that she "misunderstood" the parameters of her legal obligation to disclose the minor patient's records. Plaintiff misapprehends the deposition testimony.

Defendant's statement at her deposition, "I've not thought about it," was a response to plaintiff's question, "[H]ave you ever

---

[7] Plaintiff does not argue that defendant failed to satisfy her initial burden of production on summary judgment on this issue.

14

thought about whether or not you should give [plaintiff] the drawings and the treatment plan, even if you're withholding the notes?" Read in context, defendant's testimony was not that she had failed to make a finding of detriment, as plaintiff asserts. Her testimony was instead an indication that she had not previously thought separately about each category of documents—the minor patient's drawings, the treatment plan, and her own therapist's notes—and made three independent determinations as to whether any one of them could be disclosed without detriment. Moreover, defendant's single determination of detriment makes sense given plaintiff's blanket request that she send him copies of "all records" of the minor patient's treatment.

Plaintiff likewise misconstrues defendant's deposition testimony when he asserts that it shows defendant was "unaware of her legal obligations under section 123110, subdivision (a)." Defendant testified that as a general proposition, a therapist's notes typically are not shared with a parent because of the possibility that the notes may be misunderstood, and further stated that in some instances, it may not be beneficial for a child to have the therapist to disclose to a parent what the child has shared in therapy sessions. This testimony—which was in response to plaintiff's questions regarding the "general position" that therapists "usually" do not share treatment notes with parents "because it could hurt the children"—does not demonstrate plaintiff's failure to comprehend her legal obligations under the statutory scheme. Indeed, within hours of

15

plaintiff's request that defendant provide him all of the minor patient's records, defendant stated in an email that she was concerned about defendant's "alarming" actions relating to one of the minor patient's recent therapy sessions, explaining that his behavior was "detrimental to mine [sic] and her therapeutic relationship" because if the minor patient "feels that [defendant is] relaying specific details of what she says to me to [plaintiff]—I no longer become someone she can trust." Because of her concerns, defendant therefore stated she would not disclose "per the Health and Safety Code Section 123115, as I think it would be detrimental to [the minor patient's] well-being." The deposition testimony cited by plaintiff does not raise a triable issue of fact as to defendant's determination of detriment.

The trial court properly granted summary judgment.

## DISPOSITION

The judgment is affirmed. Defendant shall recover her costs on appeal.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
FINEMAN, J.*

*Vilches v. Leao* (A163638)

---

\* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:      San Francisco City & County Superior Court

Trial Judge:      Hon. Ethan P. Schulman

Counsel:         Evans & Page, Corey Page for Plaintiff and Appellant.

                        Lewis Brisbois Bisgaard & Smith, Ciara C. Dineen, Jennifer E. Elgie, Jeffry A. Miller, Suzanne L. Schmidt for Defendant and Respondent.